UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-59-RJC-DCK

| RIKKI ACQUELLIA PHARR, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) |  |
| WILLOW RIDGE MEMORY CARE, | ) | ORDER |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of the *pro se* Amended Complaint. [Doc. 6]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 5].

### I. BACKGROUND

The *pro se* Plaintiff filed the instant action on February 1, 2023. [Doc. 1]. On March 30, 2023, the Court granted the Plaintiff to proceed *in forma pauperis*, but dismissed the Complaint on initial review, and granted her the opportunity to amend. [Doc. 5; see also Doc. 3 (Order denying the original IFP Application and ordering the Plaintiff to pay the fee or amend). The Amended Complaint is now before the Court for initial review.

The Plaintiff purports to sue Willow Ridge Memory Care for employment discrimination and "retaliation." [Doc. 6 at 2-3]. The Plaintiff claims that, after she disclosed that she is gay, her supervisor confronted her, then refused to further communicate with her, removed her from the work schedule, and ultimately terminated her employment due to a bad "fit." [Id. at 4, 6-10]. The Plaintiff brought proceedings to challenge her treatment and, on November 2, 2022, the EEOC issued a Determination and Notice of Rights informing her that it would not proceed further with

its investigation. [Doc. 6-1]. Plaintiff filed the instant action on February 1, 2023.[1] [Doc. 1]. The Plaintiff seeks compensatory and punitive damages. [Doc. 6 at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Title VII provides, in relevant part, that it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion,

---

[1] The Court declines to address limitations *sua sponte* because it cannot determine the date upon which the Plaintiff received the EEOC's final determination; the matter requires further development. See generally Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006) ("[I]n evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense sua sponte when the face of the complaint plainly reveals the existence of such defense."); 42 U.S.C. § 2000e-16(c) (a plaintiff may file a civil action within 90 days of *receipt* of the EEOC's final action).

sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). For purposes of Title VII, "sex" includes sexual orientation and transgender status. <u>Bostock v. Clayton County</u>, 140 S.Ct. 1731, 1741-41 (2020). Here, the Plaintiff has plausibly alleged that she was discriminated against, and ultimately fired, because she is gay. These claims will be allowed to pass initial review.

However, insofar as the Plaintiff attempts to state a separate claim for "retaliation," she has failed to do so. Section 704(a) of Title VII "prohibits an employer from taking an adverse employment action against any employee 'because he has opposed any practice made an unlawful employment practice." <u>EEOC v. Navy Fed. Credit Union</u>, 424 F.3d 397, 405 (4th Cir. 2005) (quoting Title VII § 704(a), 42 U.S.C. § 2000e–3(a)). The elements of a retaliation claim under Title VII are: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action. <u>Mackey v. Shalala</u>, 360 F.3d 463, 469 (4th Cir. 2004); see <u>Burlington Northern and Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 57 (2006) (the employment action must be "materially adverse"). Here, the Plaintiff appears to claim that her employment was terminated in "retaliation" for being gay. [Doc. 6 at 4]. The "retaliation" claim merely restates her discrimination claim and fails to allege that she was punished for opposing an employment practice. The Plaintiff has thus failed to allege a plausible retaliation claim and it is dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

In sum, the Amended Complaint passes initial review on the Plaintiff's claims that she was discriminated against and discharged based on her sexual orientation, and her retaliation claim is dismissed without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 6] passes initial review on the Plaintiff's claims that she was discriminated against and discharged based on her sexual orientation.

2. The retaliation claim is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

3. **IT IS FURTHER ORDERED** that the Clerk of Court is directed to notify the United States Marshal who, pursuant to FED. R. CIV. P. 4(c)(3), shall serve process upon Defendant. All costs of service shall be advanced by the United States. Any recovery in this action will be subject to payment of fees and costs, including service of process fees and the $402.00 filing fee.

Signed: July 24, 2023

Robert J. Conrad, Jr.
United States District Judge